United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Hector and Yuri Diaz,                                           Case No. 08-55001-R
               Debtors.                           Chapter 7
_____/

Homer W. McClarty,
               Plaintiff,

v.                                                              Adv. No. 09-4101

Vincent Simpson, et al,
               Defendants.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

On June 20, 2008, the debtors, Hector and Yuri Diaz, filed their chapter 7 petition. On January 14, 2009, Homer McClarty, the chapter 7 trustee, filed this adversary proceeding against Vincent Simpson, Simpson Development Group, LLC and others in relation to the purchase of an apartment complex owned by the debtors. In the complaint, McClarty alleges that in 2006, the debtors entered into a land contract to sell the property to Simpson and Simpson Development for $280,000. As part of the sale, McClarty alleges that Simpson signed two promissory notes for $30,000 each and agreed to assume the debtors' mortgage on the property. McClarty alleges that Simpson collected rent from tenants amounting to $20,000, but defaulted on the mortgage after two months.

The Diazes filed a forfeiture action against Simpson in Wayne County Circuit Court. They obtained a judgment of possession on April 18, 2007. However the mortgage holder foreclosed on the property and a sheriff's sale was held on April 19, 2007. The property was sold for $210,000.

McClarty filed this action against Simpson and others to recover $110,000 in damages. This amount includes $60,000 for breach of the two promissory notes, $10,000 for the deficiency on the mortgage, $20,000 for the rents allegedly collected by Simpson, and $20,000 in costs incurred by the Diazes after the breach.

Both parties have filed motions for summary judgment.

I.

In support of his motion for summary judgment, the trustee contends that there is no genuine issue of material fact that Simpson breached the contract with the debtors, resulting in the $110,000 debt.

Vincent Simpson contends that the land contract was entered into between Diazov Rentals, LLC and Simpson Development, LLC. Therefore, Simpson argues that he is not personally liable.

Moreover, Simpson asserts that the trustee is collaterally estopped from suing on the contract because the debtors brought a forfeiture action to gain possession of the property.

Simpson also contends that the trustee has provided no evidence to show that Simpson, individually, or Simpson Development collected $20,000 in rents from tenants.

In support of his motion for summary judgment, Simpson first argues that the cause of action is not property of the estate because it belongs to Diazov Rentals, LLC, not Yuri and Hector Diaz. Simpson also contends that the count seeking damages of $10,000 due to the deficiency claim on the mortgage foreclosure violates the statute of frauds because the alleged assumption of the mortgage by Simpson Development was not in writing.

In response to Vincent Simpson's motion for summary judgment, the trustee contends that Simpson personally obligated himself to the Diazes, as is evidenced by the land contract and

2

promissory notes. The trustee further argues that even if the contracts were with Diazov, and not the Diazes, Diazov is now property of the estate and the outcome of the lawsuit will affect the distribution to the Diazes' creditors.

The trustee also contends that if the proper party to the contracts is the Simpson Development Group, the Court can pierce the corporate veil to impose personal liability against Vincent Simpson.

Finally, the trustee contends that the prepetition forfeiture action does not preclude an action for damages. He asserts that the estate's damages do not arise from the breach of the land contract, they arise from the breach of the two promissory notes, the mortgage deficiency, the rents collected by Simpson, and the costs incurred by the Diazes after the breach. Therefore, the trustee argues, he is not barred from collecting damages.

## II.

Simpson first asserts that the contract was between Simpson Development and Diazov, not Simpson and the Diazes. The Court concludes that there are genuine issues of material fact as to whether Vincent Simpson is liable in his individual capacity.

Simpson next asserts that the trustee is barred from seeking money damages pursuant to M.C.L. § 600.5750, which provides:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. *A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial* and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

3

M.C.L. § 600.5750 (emphasis added).

Section 5750 is, "in effect, a [modified] codification . . . of the common-law rule that the forfeiture of an executory contract for purchase of land constitutes an election of remedies, precluding the vendor from later seeking damages for breach of contract." *Mich Nat'l Bank v. Cote*, 546 N.W.2d 247 (Mich. 1996) (citations omitted).

However, the trustee is not seeking the payment of money due under the contract. He is seeking $60,000 for breach of the promissory notes, $10,000 for the mortgage deficiency, $20,000 in rents collected and $20,000 for expenses incurred by the Diazes. These claims are separate and distinct from the land contract. Accordingly, Simpson's motion for summary judgment on this issue is denied.

Simpson next argues that the trustee's $10,000 mortgage deficiency claim is barred by the statute of frauds because Simpson's alleged agreement to assume the mortgage was not in writing.

M.C.L. § 566.106 provides:

No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

M.C.L. § 566.106

A mortgage constitutes an interest in land within the meaning of M.C.L. § 566.106. *Horvath v. Kempster*, 2006 WL 3498421 (Mich. App. Dec. 5, 2006). Accordingly, Simpson's alleged oral agreement to assume the mortgage is not enforceable. The trustee's claim of $10,000 relating to the mortgage deficiency is barred.

For the foregoing reasons, the trustee's $10,000 claim for mortgage deficiency is barred. The

4

remainder of the parties' motions for summary judgment is denied.


Not for publication

**Signed on November 19, 2009**

                                                      /s/ Steven Rhodes
                                            **Steven Rhodes**
                                            **United States Bankruptcy Judge**